IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 DEC 22  PM 1:40

DEPUTY CLERK

| | | |
|---|---|---|
| IRIS R. GUERRERO, *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:17-CV-00050-BL** |
| | § | |
| **TAYLOR COUNTY, TEXAS** *et al*, | § | |
| | § | |
| **Defendants.** | § | **Assigned to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION

The following documents are ripe for consideration and the subject of this report and recommendation:

1. Defendant Abilene Police Department's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss and Brief in Support Thereof (Doc. 8);

2. Defendant Christopher Milliorn's Rule 12(b)(6) Motion to Dismiss and Brief in Support Thereof (Doc. 9);

3. Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. 16);

4. Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. 22);

5. Plaintiff's Response and Brief in Opposition to Defendant City of Abilene's Motion to Dismiss (Doc. 23);

6. Defendant City of Abilene's Second Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Brief in Support Thereof (Doc. 24);

7. Defendant Christopher Milliorn's Second Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support Thereof (Doc. 25);

8. Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. 27);

9. Plaintiffs' Response and Brief in Opposition to City of Abilene's Second Motion to Dismiss (Doc. 28);

10. Defendant City of Abilene's Reply in Support of Its Second Motion to Dismiss (Doc. 29);

11. Defendant Chris Milliorn's Reply in Support of his Second Motion to Dismiss (Doc. 30).

Also addressed is the Joint Motion to Modify the Pre-Trial Scheduling Order (Doc. 39). Since the parties have not unanimously consented as provided by 28 U.S.C. § 636(c), the undersigned United States Magistrate Judge offers this report and recommendation.

## BACKGROUND

Iris Guerrero filed this action on behalf of the estate of Cynthia Cortez and her minor children following Cortez' death in the custody of the Taylor County Sheriff Department and immediately amended the complaint on the same day. (Docs. 1; 2). Three of the eighteen named defendants filed an answer several weeks later, and the Abilene Police Department and Christopher Milliorn filed motions to dismiss under Federal Rule of Civil Procedure 12(b) for failure to state a claim and lack of subject-matter jurisdiction. (Docs. 4; 8; 9). Most of the defendants who had not yet appeared filed a collective answer on July 12, 2017. (Doc. 14). Guerrero sought and received leave to amend the complaint a second time, and filed the second amended complaint on August 3, 2017. (Docs. 19; 21).[1] Guerrero then responded to the pending motions to dismiss the first amended complaint on August 11, 2017, but the City of Abilene and Milliorn filed new motions to dismiss the second amended complaint on August 17 on the grounds it also failed to state a claim and lacked subject-matter jurisdiction. (Docs. 24; 25). Guerrero responded to the new

---

[1] Although the Second Amended Complaint asserts that the City and Milliorn have answered and "appeared for all purposes[,]" the undersigned notes that they have appeared only by way of these instant motions to dismiss asserting Rule 12(b) defenses and have therefore not appeared in a manner that would waive jurisdictional or other defenses. Additionally, and contrary to the assertions in the Second Amended Complaint, the record does not reflect that defendants Sloan, Adkins, or Smith have answered any complaint. It is further noted that the remaining defendants who entered an answer to the First Amended Complaint have not answered the Second Amended Complaint.

motions to dismiss on September 7, and the relevant defendants replied on September 21. (Docs. 27; 28; 29; 30). No other answers to the second amended complaint have been filed.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12 provides for defenses to claims for relief in pleadings, including defenses of lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b).

Rule 12(b)(1) permits a challenge where a defendant believes the court lacks subject-matter jurisdiction over one or more claims made in a complaint. The burden of establishing subject-matter jurisdiction rests on the plaintiff, and a court is required to consider issues of subject-matter jurisdiction before considering the merits of the complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 104 (1998). Sovereign immunity implicates the court's subject-matter jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

"To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotation marks, and brackets omitted). While a court must accept as true all factual allegations in the complaint when considering a 12(b)(6) motion, legal conclusions must be supported by factual allegations. *See Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). The court should "not strain to find inferences favorable to the plaintiffs and ... not accept conclusory allegations, unwarranted deductions, or

legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal citations and quotation marks omitted).

## DISCUSSION

### City of Abilene

### Capacity of the Abilene Police Department

Before the court are currently two substantially similar sets of motions to dismiss and related filings prompted by the Plaintiffs' amendment of their complaint. The only significant difference between the City of Abilene's first motion to dismiss and the second is the assertion of a failure to state a claim against the Abilene Police Department, because the APD is a subdivision of the City of Abilene and not independently capable of acting as party to a suit. (Doc. 8, 6-7). The second amended complaint corrects this pleading deficiency by substituting the City of Abilene for the Abilene Police Department as a named defendant.[2] (Doc. 21, 1). Such an amendment is precisely the goal of Federal Rule of Civil Procedure 15(a), and so that claim from the City's initial Motion to Dismiss should be denied as moot.

### Remainder of the First Motion to Dismiss

Likewise, the balance of the City's first Motion to Dismiss should be denied as moot, as it is repeated with little alteration—as are the responses—in the second Motion to Dismiss. (Docs. 8; 24). To the extent there are any other claims that are not reiterated in the second Motion to Dismiss, they should also be denied as moot under the assumption the alleged pleading deficiencies were corrected in the Second Amended Complaint.

---

[2] Although the caption in all three filed versions of the complaint does not include a comma and therefore reads either "Abilene Police Department Christopher Milliorn" or "City of Abilene Christopher Milliorn[,]" other filings indicate that Plaintiffs did intend to sue the APD or the City independently of any claims against Milliorn, including the issuance of a summons to the APD, and the issue of whether the APD or the City is the proper party to this suit.

**14th Amendment Right to Reasonable Medical Care**

The first cause of action asserted in the Second Amended Complaint is that "the Defendants are liable to the Plaintiffs for violating [Cortez'] right to reasonable medical care guaranteed by the Fourteenth Amendment to the United States Constitution."[3] (Doc. 21, 12). "To hold a municipality accountable for a violation of constitutional rights, a plaintiff must show: (1) that the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999) (citing *Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997)). A plaintiff can sufficiently plead subjective deliberate indifference by asserting an official had subjective knowledge of substantial risk of serious harm but responded with deliberate indifference to that risk, while pleading objective deliberate indifference requires claiming that an official was subjectively deliberately indifferent and that such indifference "resulted from a municipal policy or custom." *Hare v. City of Cornith, Miss.*, 74 F.3d 633, 649 n.14 (5th Cir. 1996).

The entirety of the relevant section from the Second Amended Complaint states that the Defendants as a group are liable because their

> employees wholly or substantially ignored [Cortez'] obvious and life-threatening medical needs. The Defendants were deliberately indifferent to [her] medical needs as indicated by facts including but not necessarily limited to the failure to train its employees, keep medical professionals available or on call, and to properly treat or obtain treatment for [Cortez]. The Defendants were aware of [Cortez'] desperate medical condition. Ultimately, the Defendants denied reasonable medical care to [Cortez] and she suffered and died as a result.
> The Defendants' employees were acting under color of state law and according to the official policy and custom of Taylor County or lack of same. The Defendants' actions caused one or more Plaintiffs to suffer damages including but not necessarily limited to damages for violation of

---

[3] The paragraph begins by asserting this cause of action "in the alternative," but this is the first cause of action claimed and it is unclear what it could be an alternative to.

> [Cortez'] constitutional rights, physical pain, mental anguish, lost wages, funeral expenses, attorneys' fees, costs[,] and general damages.

(Doc. 21, 12-13). Plaintiffs' response to the motion to dismiss contains a section with the header "factual allegations[.]" (Doc. 21, 6). However, as the City's reply notes, the Second Amended Complaint is the controlling document for facts asserted and legal claims pleaded; Plaintiffs should have sought leave to amend their complaint again if they determined it was not the best-articulated and -supported assertion of their claims. (Doc. 29, 1-2). So, in deciding whether the motions to dismiss should be granted, the court must consider the facts from the Second Amended Complaint, considering only the legal arguments advanced in the relevant briefs.

The pertinent question, therefore, is whether Plaintiffs sufficiently claim in the Second Amended Complaint that an employee of the City of Abilene was subjectively deliberately indifferent to a substantial risk of serious harm and that such deliberate indifference was the result of a municipal policy. As set out in the legal standards section, the facts in the Plaintiffs' Second Amended Complaint are presumed to be true, but the Court must not strain to draw inferences or fill in gaps in deciding whether the complaint contains more than conclusory allegations or a formulaic recitation of the elements of the claim.

In the Second Amended Complaint, these are the actions attributed, either explicitly or implicitly, to an employee of the City of Abilene: Abilene Police Department officers Christopher Milliorn and Thomas Horton conducted a traffic stop, during which they observed Cortez ingest methamphetamine; knew Cortez used meth; saw "obvious signs of drug intoxication" but failed to observe, screen, transport, or treat Cortez for a drug overdose; arrested Cortez because of outstanding warrants[4] in addition to giving false information and resisting during the stop; and

---

[4] One for possession of meth, two for possession of meth with intent to distribute, and one for driving without a valid license.

took Cortez to the Taylor County Detention Center and not the hospital. (Doc. 21, 8-9). Though those facts may be dubious—would any law enforcement official watch a detainee conceal possession of meth by swallowing it but fail to include any charges related to that action in an ensuing arrest?—the Court is required to consider them as presumptively true in deciding this motion.

To show an official was deliberately indifferent, a plaintiff must show that the official was aware of facts "from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). The second amended complaint alleges in plain text that the officers watched Cortez swallow the meth, which certainly could lead one to infer she created a substantial risk of serious harm to herself. However, Plaintiffs do not include any allegation that Milliorn or Horton actually drew such an inference. The closest the complaint comes to making such a claim is contending that the defendants collectively were aware of a life-threatening medical condition because of Cortez' actions, speech, and the reports of others held at the TCDC. However, this conclusory claim is contradicted by other facts included in the complaint: the intake form completed at the TCDC indicates that neither the arresting officer nor the intake official believed Cortez to be at risk due to a medical condition or under the influence of drugs. (Doc. 21, 28). Although the complaint may be read to indicate others drew the required inference after Cortez was jailed, the facts pleaded do not support a contention that either arresting officer—and therefore their City employer—are liable for violating this 14th Amendment right to reasonable medical care.

Furthermore, in the Plaintiffs' Second Amended Complaint, the second prong—whether such deliberate indifference was the result of a custom or policy of the City of Abilene—is also

not pleaded sufficiently. While this section of the complaint does allege generally that employees of the defendants were acting under the official policy and custom of Taylor County, it makes no specific reference to Milliorn or Horton as employees of the City, nor to the City itself. The complaint does assert in a later section that the Defendants collectively "failed to train employees to properly treat [Cortez,] including Defendants Milliorn and Horton." (Doc. 21, 16). However, this cursory claim of a failure to train is inadequate. "Claims of inadequate training generally require that the plaintiff demonstrate a pattern." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citing *Davis v. City of N. Richland Hills*, 406 F.3d 375, 383 n.34 (5th Cir. 2005) ("Notice of a pattern of similar violations is required."). The Plaintiffs here pleaded no such pattern of similar violations, and otherwise failed to plead the alleged failure to train by anything other than a conclusory allegation.[5]

### 14th Amendment State-Created Danger Theory

In the Second Amended Complaint, Plaintiffs allege a violation of a 14th Amendment right to be free from "state-created danger." (Doc. 21, 15). As the City notes, such a theory has been repeatedly and expressly rejected by the Fifth Circuit, and district courts have therefore dismissed claims under such a theory at the motion to dismiss stage. (Doc. 24, 19) citing among others *Breen v. Texas A&M Univ.*, 494 F.3d 516, 518 (5th Cir. 2007); *Kovacic v. Larry Brown Enters. L.L.C.*, 2009 U.S. Dist. LEXIS 118780, at \*22 (S.D. Tex. 2009). The Plaintiffs offer no response to these contentions, and so the City has again shown that Plaintiffs have failed to state a claim upon which relief might be granted under this theory.

---

[5] The Plaintiffs do provide a statistical spreadsheet indicating an increase in deaths during an inspection at the Taylor County Detention Center over statistics from previous years, but do not allege specifically that a policy set forth by the City would be any cause in such an increase. The undersigned also notes, on a purely pedantic point, that an increase from one death to three deaths during the inspection period is not a 300% increase, as asserted by the Plaintiffs in the Second Amended Complaint, but rather a 200% increase or 300% of the previous total.

**14th Amendment "Special Relationship" Theory**

The Plaintiffs pleaded in the Second Amended Complaint that there was a special relationship created between Cortez and the governmental defendants as a result of her incarceration, and that she was therefore owed a distinct constitutional duty to be protected from physical harm. (Doc. 21, 18). In response to the City's motion to dismiss this claim, Plaintiffs offer only a cursory reiteration of their claims while conceding that no special relationship existed before Cortez' arrest. (Doc. 28, 15). They do not clarify whether or not, though, they continue to assert a violation of a duty created out of such a special relationship at some point during the events covered by the complaint.

However, even if Plaintiffs do continue to contend that a duty arising out of a special relationship existed between Cortez and the City at some point after her arrest, they fail to sufficiently plead that claim to survive this motion to dismiss. Liability under this "special relationship" theory is limited to actions surpassing mere negligence: *i.e.* deliberate indifference. *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002) (showing liability under a special relationship theory has "required plaintiffs to demonstrate (or, at the motion-to-dismiss stage, to allege) that the defendant state official *at a minimum* acted with deliberate indifference toward the plaintiff."). As explained above, Plaintiffs have failed to plead that the City acted with the required deliberate indifference, and so any claim under this "special relationship" theory against the city should be dismissed.

**8th Amendment Claims**

Despite portions of their brief in response to the motion to dismiss that maintain language to the contrary, Plaintiffs explicitly state in a header that they withdraw their 8th Amendment claims. (Doc. 28, 10). Although they do not seek leave to amend their complaint to remove those

claims, and claim to "reserve the right to re-plead and re-assert" them pending the discovery of additional facts, there is at the least no question that the City has shown Plaintiffs did not state a viable claim under the 8th Amendment upon which relief may be granted, since Cortez was not a sentenced prisoner covered by 8th Amendment protections at any point during the relevant events. (Doc. 28, 11).

**State Tort Law Claims**

Under the Texas Tort Claims Act, sovereign immunity is waived for personal injury or death caused by a condition or use of real or personal property if the governmental entity would be liable were it a private person. Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Plaintiffs allege in the Second Amended Complaint that Defendants were "negligent regarding the use or misuse of tangible personal property[,]" specifically referring to a stethoscope, thermometer, heart rate monitor, and "available squad cars." (Doc. 21, 19-20).

"The best reading of the Texas Supreme Court Cases is that a waiver occurs if death or injury results from (1) the direct use of property by a state actor, or (2) a defective condition of state-issued property...." *Forgan v. Howard County, Tex.*, 494 F.3d 518, 521 (5th Cir. 2007). The only allegation in the Second Amended Complaint which appears relevant to this reading and is more substantial than a mere recitation of elements is that Defendants negligently declined to engage in the affirmative use of property to prevent Cortez' death. (Doc. 21, 20). Philosophically, there may be some question as to whether controlling property but failing to utilize it in a situation should be considered as direct use under the caselaw, but the overall lack of specificity in pleading which defendants had access to what equipment and failed to properly take action that might have been of benefit to Cortez means this complaint would not prove a good venue for such analysis. Here, the allegation is a conclusory claim that the Defendants collectively had access to equipment

-10-

that may have been useful, but not a specific claim that any or all defendants used the equipment such that they are liable. Plaintiffs fail to show such non-use of personal property gives rise to liability against the City.

Plaintiffs offer a similarly formulaic and deficient allegation that negligent use or a defect in the premises of the jail cell where Cortez was held waives sovereign immunity. (Doc. 21, 20). Specifically, Plaintiffs fail to allege that the City either owned or controlled the real property at issue as required by caselaw. *See Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex. 1986). Although the Plaintiffs refer specifically to Taylor County and the City as defendants at the outset of each section, they allege that the Defendants collectively possess the real property and are responsible for the alleged but unspecified premises defect.

Plaintiffs' response to the motion to dismiss these claims is that Cortez' death while in custody and the subsequent Texas Ranger investigation constitutes sufficient notice as required by the TTCA. (Doc. 28, 15). Even if this were true, notice is only one element required by the TTCA, and the failure to sufficiently show the other elements are met leads to the conclusion that there is no waiver of immunity and that dismissal of these claims for lack of subject-matter jurisdiction is appropriate.

### Christopher Milliorn

Milliorn's first and second motions to dismiss are also substantially similar, and so this report focuses in the main on the second motion to dismiss and related materials. To the extent that there are any claims in the first but not second motion, they should be dismissed as moot under the assumption that the alleged deficiencies were cured in the second amended complaint. The undersigned also notes that the filings which are asserted as responses to Milliorn's motions to dismiss are largely unresponsive to the contents of Milliorn's briefs, instead focusing on pleading

standards generally (Docs. 16; 27). To the extent possible, this report will consider the Plaintiffs'
complaint against Milliorn favorably as required by law. However, where Milliorn asserts a legal
argument that goes unrefuted, even considering all facts and inferences favorably may not justify
sustaining Plaintiffs' claims.

**Official Capacity**

Milliorn's motion to dismiss asserts that any claims which Plaintiffs may be asserting
against him in his official capacity merge with those against the City as a matter of law, and should
be dismissed as redundant. (Doc. 9, 6). Plaintiffs failed to clarify in the second amended complaint
whether Milliorn was made a party in his individual capacity, and are therefore understood to have
conceded that no claims are maintained against him in an official capacity. To the extent that the
second amended complaint contains any claims against Milliorn in his official capacity, they
should be dismissed for failure to state a claim.

**14th Amendment Reasonable Medical Care**

To sufficiently plead deliberate indifference for a failure to provide medical care, the
Plaintiffs must assert facts that would show that an official was aware of facts indicating a
substantial risk of serious harm but responded in a way that can be considered subjectively to have
intended that risked harm to occur. *Hare*, 74 F.3d at 643. As explained above, a plaintiff must
claim that the official was aware of circumstances that could lead one to draw an inference that a
substantial risk existed, and also claim that the official actually drew such an inference. Merely
alleging that Milliorn observed Cortez swallow the meth does not constitute an allegation that
Milliorn drew the required inference. Where, as here, the plaintiffs do not show that the official
actually drew an inference that there was a substantial risk of serious harm, they have not

sufficiently pleaded a violation of the 14th Amendment right to reasonable medical care to overcome a motion to dismiss for failure to state a claim.

### 8th Amendment Adequate Medical Care

Unlike in their response to the City's motion to dismiss this claim, here the Plaintiffs do not concede that the 8th Amendment had not attached to Cortez during any of the events covered by the complaint. The Eighth Amendment prohibits cruel and unusual punishment of convicted prisoners, and Cortez was not convicted at any point during the events covered by the complaint. *Hare*, 74 F.3d at 639. So, the Plaintiffs have pleaded no facts that support an Eighth Amendment claim, and Milliorn's motion should be granted as to those claims.

### 14th Amendment State Created Danger

As noted above, controlling precedent in this Circuit expressly forecloses claims under a "state-created danger" theory of the 14th Amendment, and Plaintiffs have provided no argument as to why such a cause of action should be entertained contrary to that authority. This claim should therefore not survive this motion to dismiss.

### 14th Amendment "Special Relationship"

As in their response to the City's motion to dismiss claims based on a "special relationship" theory, it is unclear whether Plaintiffs continue to advance a "special relationship" claim under the 14th Amendment as against Milliorn. Even if they do intend to continue prosecuting such a claim, however, establishing liability under such a "special relationship" theory would require showing that such a relationship was established and something beyond mere negligence by Milliorn, and the Plaintiffs have not sufficiently pleaded such a claim as explained more fully above in addressing the City's motion to dismiss. This claim should be dismissed for failure to state a claim as against Milliorn.

**Bystander Liability**

An officer may be liable under a bystander liability theory upon a showing that they knew a fellow officer is violating an individual's constitutional rights and had a reasonable opportunity to prevent the harm, but choose not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Here, the Plaintiffs do not show that Milliorn knew any fellow law enforcement personnel were violating Cortez' rights. If Milliorn did not know of any violations, he obviously could not take action to prevent those harms, and so Plaintiffs have not sufficiently pleaded to establish that Milliorn is liable under such a theory.

**State Law Tort Claims**

Finally, Milliorn contends that the second amended complaint no longer asserts state common law tort claims against him, but rather against only the City and the County. Each of the relevant paragraphs begins by specifically noting that the City and the County "are governmental entities whose employees were performing governmental functions at all times relevant to this suit" and who owned property rendering them liable under the TTCA. As above, claims against Milliorn in his official capacity merge with those against the City, and claims against him individually would not require a showing of government ownership or control over the property in question. Milliorn's reading of these portions of the Second Amended Complaint therefore appears reasonable, and as Plaintiffs have provided no counterargument, these state law tort claims should be dismissed as against Milliorn.

**Leave to Amend**

Plaintiffs request that the court give them leave to amend their complaint yet again in place of granting these motions to dismiss. However, they provide no argument for doing so, except that courts should freely grant leave to amend. Such liberality with permitting amendment, however,

is not intended to immunize plaintiffs from the federal pleading requirements and motions to dismiss for failure to state a claim. Plaintiffs received notice of the motions to dismiss, as evidenced by their response to those motions. However, these motions prompted the Plaintiffs to defend the Second Amended Complaint, not request leave to amend the complaint a third time. Plaintiffs have not shown why they should be allowed to contend both that the Second Amended Complaint is sufficient and a fully-articulated statement of the relevant facts and claims but that they also must be allowed to supersede it upon a finding it is deficient after a motion to dismiss. Furthermore, under the Federal Rules of Civil Procedure and the Local Rules, a request to amend is properly made by motion, not as a tentative conditional request pending a negative determination on a separate motion.

## CONCLUSION

Defendants City of Abilene and Christopher Milliorn have shown, as explained above, that Plaintiffs' claims against them should be dismissed under Federal Rule of Civil Procedure 12(b) for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. It is, therefore, **RECOMMENDED** that the motions to dismiss the Second Amended Complaint filed by the City of Abilene (Doc. 24) and Christopher Milliorn (Doc. 25) be **GRANTED** and those defendants dismissed from this action. It is also **RECOMMENDED** that the motions to dismiss the First Amended Complaint (Docs. 8; 9) filed by these defendants should be **DENIED as moot**. It is also **ORDERED** that the joint motion to modify the scheduling order (Doc. 39) is **GRANTED**, and that all remaining deadlines set by the current scheduling order (Doc. 13) are extended by 60 days. The undersigned will issue a revised scheduling order reflecting the new deadlines on even date.

**IT IS ORDERED** that this case is transferred to the docket of Senior United States District Judge Sam R. Cummings. After that reassignment, the undersigned may continue to exercise all powers permitted by 28 U.S.C. § 636(b) unless otherwise directed by Judge Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED**.

Dated December 22, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

-16-