

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| IRIS R. GUERRERO, *as next friend for J.M.R., Jr., S.V.R., and V.A.R., and as representative of the Estate of Cynthia Ann Cortez, deceased,*<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR COUNTY, TEXAS, *et al.,*<br><br>Defendants. | Civil Action No. 1:17-CV-050-C-BL |

## ORDER

Before the Court are several motions to dismiss filed by Defendants the City of Abilene (the Abilene Police Department) and Christopher Milliorn. These Defendants originally filed motions to dismiss Plaintiff's First Amended Complaint on July 3, 2017. In response, Plaintiff filed a Second Amended Complaint on August 3, 2017, that—among other changes—substituted the Abilene Police Department for the City of Abilene as a proper Defendant. The City of Abilene (City) and Milliorn then filed their motions to dismiss the Second Amended Complaint on August 17, 2017.

On December 22, 2017, the United States Magistrate Judge filed his Report and Recommendation. The Magistrate Judge recommended that the motions seeking dismissal of Plaintiff's First Amended Complaint should be denied as moot and that the motions to dismiss the Second Amended Complaint should both be granted. Plaintiff filed three "Partial Objections" on January 5, 2018, and the City and Milliorn both filed responses to those objections on January 19, 2018.

## I. BACKGROUND

This civil action arises from the death of Cynthia Ann Cortez on April 17, 2015. Cortez was arrested on outstanding felony warrants by Officers Christopher Milliorn and Thomas Horton of the Abilene Police Department during a traffic stop on the afternoon of April 16, 2015. Cortez apparently consumed a large amount of methamphetamine at the time of the traffic stop in order to avoid being found with the drugs. She was transported to the Taylor County Detention Center following her arrest, where Plaintiff alleges that she was improperly screened for possible intoxication or drug overdose. In the early morning hours of April 17, Cortez was exhibiting symptoms of a drug overdose and other inmates reported her poor condition to jailers. She was transported by ambulance to the hospital, where she ultimately died from a methamphetamine overdose.

Plaintiff Iris R. Guerrero, as next friend for Cortez's minor children and as representative of Cortez's estate, brought this lawsuit against a host of Defendants, including the City of Abilene and Christopher Milliorn. Plaintiff's Second Amended Complaint raises a variety of claims under 42 U.S.C. § 1983 and Texas tort law. Defendants Milliorn and the City now move to dismiss all claims asserted against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. STANDARDS

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *King v. U.S. Dept. Of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must accept all factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(6), a district court must generally examine only the complaint and any attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). But a court may consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is "central" to the plaintiff's claim. *Id.* at 498–99. To survive a 12(b)6) motion to dismiss, a complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it asserts facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is context-specific and requires the court to draw upon its own experience and common sense. *Id.*

### III. DISCUSSION

#### A. Plaintiff's Partial Objections

Plaintiff raises three objections to the Magistrate Judge's findings and conclusions. The Court conducts a *de novo* review of these portions of the Report and Recommendation and addresses each objection in turn.

**1. Claims for violation of Cortez's right to reasonable medical care**

Plaintiff first objects to the Magistrate Judge's recommendation "that claims against the movants [Defendants Milliorn and the City] for violation of Cynthia Cortez' (sic) 14th

Amendment right to reasonable medical care be dismissed." The Magistrate Judge correctly concluded that, for the purposes of ruling on the motions to dismiss, only the allegations contained in the Second Amended Complaint must be considered (as opposed to supplemental factual allegations raised by Plaintiff in response to the motions to dismiss). The Magistrate Judge, considering only those allegations, then determined that the Second Amended Complaint failed to state a claim for this cause of action against Defendants Milliorn and the City because it fails to allege that these Defendants acted with deliberate indifference (either subjective or objective). Plaintiff objects that the Magistrate Judge required a higher standard of pleading than plausibility when examining the allegations as to this cause of action and asserts that it is reasonable to infer, based on the factual allegations in the pleading, that the Abilene police officers wantonly disregarded Cortez's serious medical needs. The Court disagrees.

As a preliminary matter, the Magistrate Judge found that Plaintiff had alleged Officers Milliorn and Horton "observed Cortez ingest methamphetamine." R&R 6. The Court's *de novo* review of the Second Amended Complaint leads the undersigned to disagree with that conclusion. The factual allegations contained in the Second Amended Complaint state only that "Ms. Cortez consumed an overdose of methamphetamine at the time of the . . . traffic stop to avoid being found with methamphetamine in her possession." Pl.'s Second Am. Compl. ¶ 29. The complaint goes on to say that "Ms. Cortez was a known user of methamphetamine to Defendants" and exhibited "obvious signs of drug intoxication," but there is no specific factual allegation anywhere in the complaint that Officers Milliorn or Horton actually witnessed Cortez ingest the methamphetamine during the traffic stop or otherwise had any knowledge that she had

ingested the drugs.[1] *See* Pl.'s Second Am. Compl. ¶ 29. It is true that Plaintiff later states, while attempting to plead a cause of action under the Eighth Amendment, that "Defendants were deliberately indifferent to Ms. Cortez' (sic) medical needs as indicated by facts including but not necessarily limited to observation of Cortez' (sic) drug consumption[.]" Pl.'s Second Am. Compl. ¶ 44. The Magistrate Judge was presumably referencing this pleading when he stated that the complaint "alleges in plain text that the officers watched Cortez swallow the meth." R&R 7. But the Court notes that this is only a vague, conclusory allegation that lumps all eighteen Defendants into a collective group; it fails to reach the level of a plausible pleading because it does not identify which Defendants observed any drug consumption or when they observed it. This sentence is insufficient to plead that *Officer Milliorn* witnessed Cortez ingest methamphetamine during the traffic stop or arrest, or that Milliorn (as an agent of the City of Abilene) was aware of Cortez's medical condition as a result of having witnessed Cortez swallow something.

The Court finds that Cortez has failed to plead facts showing that the Abilene police officers had any subjective knowledge that Cortez took any drugs or that she was in medical danger prior to her transportation to the Taylor County Detention Center; consequently, Cortez has not shown that Milliorn acted with deliberate indifference towards her serious medical needs.[2] Further, the Magistrate Judge correctly found that the Second Amended Complaint fails

---

[1]The allegation that Cortez was exhibiting "obvious signs of drug intoxication" is not plausible because it is conclusory and vague; it does not identify any physical condition, symptom, or behavior of Cortez that would constitute an "obvious sign" of intoxication to a reasonable observer.

[2]While Plaintiff has argued (in her Partial Objections) that it can be *inferred* the officers witnessed Cortez swallow the methamphetamine based on the fact that they charged her with

6

to assert that the alleged failure of Officers Milliorn and Horton to provide medical care to Cortez was the result of any custom or policy of the City of Abilene. For these reasons, Milliorn and the City's motions to dismiss must be granted as to the claims for refusal of reasonable medical care and Plaintiff's objection to this recommended dismissal is **OVERRULED**.

In the alternative—even if the Court were to accept Plaintiff's vague and conclusory assertion in Paragraph 44 as a sufficiently plausible pleading that Officers Milliorn and Horton saw Cortez swallow the methamphetamine or were in some other way made aware that she had ingested drugs—the Court agrees with the Magistrate Judge's conclusions that the Second Amended Complaint fails to contain sufficient allegations that the officers (and, by extension, the City) actually drew any inference of a substantial risk of serious harm or responded in a way that would indicate they subjectively intended to harm Cortez. The Court also agrees with the Defendants that Plaintiff's responses to the motions to dismiss and objections to the Report and Recommendation improperly rely on new allegations not actually made on the face of her pleading and that Plaintiff improperly relies on global, generic allegations against "Defendants" without specifically identifying the independent acts or omissions of Milliorn or the City. For each of these alternative reasons, the Court is further inclined to overrule Plaintiff's objections and adopt the recommendation of dismissal.

---

"resisting arrest search or transport" in the police report, the Court finds this argument tenuous and unpersuasive. There is no narrative in the police report explaining why that charge was added and Plaintiff has not made any allegation in the Second Amended Complaint that Cortez was charged with resisting a search because she swallowed drugs.

## 2. Claims arising under a "special relationship" theory

Plaintiff next objects to the recommendation "that Plaintiffs' (sic) 14th Amendment 'special relationship' claims against the City of Abilene be dismissed."

While a state official ordinarily has no duty to protect an individual from private harm, the Supreme Court has recognized limited circumstances in which a constitutional duty of protection is imposed. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989). "When the state, through the affirmative exercise of its powers, acts to restrain an individual's freedom to act on his own behalf 'through incarceration, institutionalization, or other similar restraint of personal liberty,' the state creates a 'special relationship' between the individual and the state which imposes upon the state a constitutional duty to protect that individual from dangers, including, in certain circumstances, private violence." *McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2002) (quoting *DeShaney*, 489 U.S. at 200). As the Magistrate Judge correctly recognized, however, such a claim will not survive the motion-to-dismiss stage unless a plaintiff alleges that the defendant state officials "at a *minimum* acted with deliberate indifference toward the plaintiff." *McClendon*, 305 F.3d at 326 (emphasis in original).

Plaintiff argues, citing the same arguments raised in support of her first objection, that she has sufficiently pleaded the deliberate indifference of Defendants Milliorn and the City. Specifically, she contends that:

> [t]he City of Abilene imprisoned Cortez, delivering her to the Taylor County Jail rather than to the hospital, even after its police officers witnessed her ingest methamphetamine. At a minimum, Milliorn and Horton, and through them, the City of Abilene's conduct constituted deliberate indifference, as they failed to obtain medical care for Cortez and placed her in a facility where they knew, or should have known, that she could not obtain medical

8

>care for herself, nor could other inmates who were concerned for
>her well-being obtain such care for her.

Pl.'s Partial Objs. 6.

The Court disagrees and adopts its analysis from above regarding Plaintiff's pleading of deliberate indifference. For each of the reasons stated above (including the alternative reasons adopted from the Magistrate Judge and Defendants' objections) the Court finds that Plaintiff has not sufficiently pleaded that Milliorn or the City acted with any deliberate indifference towards Cortez. This claim was therefore properly recommended for dismissal and Plaintiff's objection is **OVERRULED**.

### 3. Claims arising under the Texas Tort Claims Act

Finally, Plaintiff objects to the recommendation that her "claims [for negligence] under the Texas Tort Claims Act be dismissed." That statute waives the sovereign immunity of governmental units for, among other things, "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021. As noted by the Magistrate Judge, the United States Court of Appeals for the Fifth Circuit has concluded that "[t]he best reading of the Texas Supreme Court cases is that a waiver occurs if death or injury results from (1) the direct use of property by a state actor, or (2) a defective condition of state-issued property, even if actively employed by a third-party at the time of injury." *Forgan v. Howard Cty., Tex.*, 494 F.3d 518, 521 (5th Cir. 2007).

The Magistrate Judge found that Plaintiff had alleged, at best, only "that Defendants negligently declined to engage in the affirmative use of property to prevent Cortez' death."

R&R 10; *see* Pl.'s Second Am. Compl. ¶ 53. He then concluded that such an allegation was "a conclusory claim that the Defendants collectively had access to equipment that may have been useful, but not a specific claim that any or all defendants used the equipment such that they are liable" and that Plaintiff had failed to show "such non-use of personal property gives rise to liability against the City." R&R 10–11. As for Plaintiff's allegations of negligence based on premises liability, *see* Pl.'s Second Am. Compl. ¶¶ 54–56, the Magistrate Judge concluded that Plaintiff's allegations were only formulaic recitations of elements and that Plaintiff had failed to establish at least one element of those claims by not alleging that the City of Abilene owned or controlled the real property at issue. *See Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex. 1986).

Plaintiff's objection argues that the Texas Tort Claims Act must be construed broadly, and she cites to a case from the Supreme Court of Texas to illustrate that liability may be imposed based on a defendant's *failure to use* property. *See Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex. 1989). The Court does not need to decide whether Plaintiff's legal interpretation of Section 101.021 is correct because it agrees with the Magistrate Judge's conclusions that Plaintiff's claims are vague and conclusory. Plaintiff does not assert that Officer Milliorn (or the City, by extension) even had access to the equipment identified in Paragraph 53 of the complaint and her allegations impermissibly lump all Defendants together without specifying what acts or omissions were taken by Defendants Milliorn or the City.

Furthermore, even assuming that Section 101.021 would apply to the facts of this case as Plaintiff asserts, the statute clearly states that sovereign immunity will be waived only "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac & Rem. Code § 101.021. A duty of care is an essential element of a

negligence claim under Texas law and Defendants Milliorn and the City cannot be liable under the Tort Claims Act for failing to use the property identified by Plaintiff if they had no duty to do so in the first place (i.e. if such a failure was not negligent under Texas law). The Court notes that there are no facts in the Second Amended Complaint to support any allegation that the Abilene police officers had a duty to administer life-saving treatment to Cortez other than a vague allegation that Cortez had "obvious signs of drug intoxication" at the time of her arrest.[3] As discussed in detail above, there is no plausible allegation in the Second Amended Complaint that the Abilene police officers witnessed Cortez ingest drugs or otherwise had knowledge of any facts that she was in medical danger, giving rise to a duty for them to administer life-saving treatment or use the property described in Paragraph 53.[4] And Plaintiff's allegations about Cortez's condition in her cell, as observed and reported by other inmates, does not give rise to any duty on the part of Officer Milliorn (or the City of Abilene), because Officers Milliorn and Horton had already delivered Cortez to the jail prior to the manifestation of those symptoms and there is no allegation that these defendants were aware of Cortez's medical condition on the morning of April 17.

As for the premises liability claims against the City of Abilene,[5] Plaintiff has failed to raise any objections or arguments to rebut the Magistrate Judge's conclusion that these should be dismissed due to Plaintiff's failure to allege that the City owned or controlled the premises in

---

[3]This allegation is not plausible for the reason stated in Footnote 1.

[4]The allegation in Paragraph 44 that "Defendants" observed Cortez's drug consumption is vague, conclusory, and implausible for the reasons discussed above.

[5]The Court finds that the Second Amended Complaint asserts no such claims against Milliorn.

question. The Court therefore reviews this recommendation for clear error. The Court agrees with the Magistrate Judge that there is no plausible allegation on the face of the Second Amended Complaint that the City of Abilene or its employees (as opposed to Taylor County, Texas) has any ownership interest in, or control over, the Taylor County Detention Center.[6]

For these reasons, the Court finds Plaintiff's objection should be **OVERRULED** and that Plaintiff's claims against Defendants Milliorn and the City under the Texas Tort Claims Act should be dismissed without prejudice for lack of jurisdiction.

## B. Remainder of the Report and Recommendation

The Court has reviewed the remaining portions of the Report and Recommendation (to which Plaintiff did not object) for clear error and finds none. These portions are therefore adopted without the need for further comment.

## C. Leave to Amend

Rule 15(a) requires a trial court to grant leave to amend "freely," and its language demonstrates a bias in favor of granting leave to amend. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016); Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatic, and decisions concerning motions to amend are left to the discretion of the court. *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998).

The Magistrate Judge recommended that no leave to amend should be granted, and the Court agrees with that conclusion. Plaintiff has already amended her complaint twice (once before any Defendants were served and again in response to the original motions to dismiss).

---

[6]Again, Plaintiff's global allegation that "[t]he Defendants possessed real property" is insufficient because it does not identify *which* Defendants she is referencing.

The Court finds that she has had ample opportunity to cure the deficiencies identified by this Order but has failed to do so in her prior amendments. Further, the request for leave to amend is made in a single sentence at the conclusion of Plaintiff's responses to the motions to dismiss, almost as an afterthought. This "motion" seeking leave to amend fails to comply with the Local Rules for the Northern District of Texas in multiple respects and is therefore not properly raised.[7] The "motion" does not even specify which pleadings Plaintiff would attempt to amend if given the opportunity or how she might be able to overcome the deficiencies identified above with more particularized pleadings. While a formal motion to amend is not always required, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (internal quotations and citations omitted).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that each of Plaintiff's Partial Objections are **OVERRULED** and that the findings and conclusions in the Report and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court.[8]

Accordingly, Defendant City of Abilene's Second Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss, filed August 17, 2017, and Defendant Christopher Milliorn's Second Rule

---

[7] *See* L.R. 5.1(c) (requiring that any motion must be clearly identified in the title of a document); L.R. 7.1(h) (requiring that a motion to amend must contain a certificate of conference); L.R. 15.1(b) (requiring that a copy of the proposed amended pleading must be attached to a motion to amend as an exhibit).

[8] The findings and conclusions are adopted as modified by the additional findings made in the Court's *de novo* review above.

13

12(b)(6) Motion to Dismiss, filed August 17, 2017, are both **GRANTED**. Plaintiff's claims against these Defendants under the Texas Tort Claims Act are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction and Plaintiff's remaining claims against these Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. These two Defendants are therefore **TERMINATED** as parties to this civil action.

Defendant Abilene Police Department's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss, filed July 3, 2017, and Defendant Christopher Milliorn's Rule 12(b)(6) Motion to Dismiss, filed July 3, 2017, are both **DENIED AS MOOT**.

This case is returned to the docket of the Honorable E. Scott Frost for further proceedings consistent with the order of reference.

SO ORDERED this 23rd day of February, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE